UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CONSTANCE HAUCK ANDERSON**                                                      **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 3:15-CV-461-CRS

**BLIMPI et al.**                                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Constance Hauck-Anderson, *pro se*, moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in this case (DN 3). The Court concludes that Plaintiff cannot without undue hardship pay the fees or costs in this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 3) is **GRANTED**.

Because this action is proceeding *in forma pauperis*, this Court must now screen the action pursuant to *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the instant action will be dismissed.

### I. STATEMENT OF CLAIMS

As grounds for filing the complaint, Plaintiff states that she has "five months remaining in the Commonwealth of Ky to try to prevent a communist movement involving a workforce of human traffickers, child abusers, and mole criminal activity funding the movement." She states that she wants to receive her "money of about 12 billion" and "these traffickers on the blimp already see what I write and use it for business. I want her name. I am a hostage in US Supreme Ct. Jan 2015."

In the statement-of-the-claim portion of the complaint, she states that she is a "communist victim" and a "human traffic victim" and that she assumes that "they are using my whole family.

My sons and my DNA are in their possession and every number we own." She also states, "Mega Caverns is part of the underground under my house I know it is illegal Federal law." As relief she asks she be relieved of "the invisible force from the blimp and the radiation I think." She also warns that "these people are extremist and have taken every thought reading my mind and every personal thing about myself and reversed it to the extreme I believe even with doctors and I'll defend myself."

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a petitioner has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the petitioner and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the [petitioner] can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court finds that the instant action must be dismissed as frivolous. An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328). Here, Petitioner's claims "contain[] no legal theory upon which a valid federal claim may rest" and, to the extent they may be deciphered, are "delusional"; dismissal is appropriate. *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date:  July 2, 2015

                                                      **Charles R. Simpson III, Senior Judge**
                                                      **United States District Court**

cc:    Plaintiff, *pro se*
        Defendants
4411.009